UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

David G. Maddox
and Michelle D. Maddox

Case No. 3-12-BK-04184

Debtors.

------------------------------------

## CHAPTER 13 PLAN

The debtors hereby submit the following Plan:

1. The future earnings of the debtors are submitted to the supervision and control of the Bankruptcy Court, and the debtors shall pay to the trustee the sum of **$2,579.00** per month for months 1 through 12 and **$3,262.00** per month for months 13 through 60.

2. From the payments submitted by the debtors, the trustee shall make distribution as follows:

   A.   Priority Claims.

   (1) The fees and expenses of the trustee shall be paid over the life of the Plan as set by the United States Trustee.

   (2) Debtors owe attorney fees to **PINKSTON AND PINKSTON, P.A.** in the amount of **$2,381.00** which the trustee shall pay at the rate of **$198.42** per month for months 1 through 12.

   (3) Debtors owe attorney fees to **PINKSTON AND PINKSTON, P.A.** (for the second mortgage valuation/adversary proceeding) in the amount of **$1,500.00** which the trustee shall pay at the rate of **$125.00** per month for months 1 through 12.

   (4) Debtors owe the **INTERNAL REVENUE SERVICE** taxes in the amount of **$1,200.00** which the trustee shall pay at the rate of **$20.00** per month over the life of the plan in full satisfaction of any and all claims this creditor may have against debtor up until the time of the filing of the bankruptcy petition.

   B.   Secured Claims.

   (1) **HSBC** holds a first mortgage on debtors' residence. The trustee shall make the regular monthly payment of **$1,334.08** (or such other monthly amount as may be required because of interest rate adjustments or escrow requirement changes) over the life of the Plan. The debtor is currently in arrears on the mortgage in the amount of approximately **$10,672.80** which the trustee shall pay at the rate of **$177.88** per month over the life of the plan. Arrearage includes one post-petition payment (July 2012).

   (2) **BANK OF AMERICA** holds a second mortgage on debtors' residence which is wholly unsecured in that there is not enough equity in the property to fund the first mortgage. Debtors will file an adversarial proceeding to value the interest of this creditor to the replacement value of zero, strip the lien for this second mortgage and treat this debt as an unsecured debt through this bankruptcy.

(3) **VYSTAR CREDIT UNION** holds a lien on debtors' 2008 Chevrolet Silverado in the amount of **$14,500.00** which the trustee shall pay at the rate of **$273.63** (at 5%) per month over the life of the plan for a total of **$16,417.97** to pay this creditor in full satisfaction of this debt. If this creditor received adequate protection payments by Court order at any amount in excess of **$273.63** provided in this Plan, then the unsecured creditors and perhaps secured creditors may not receive scheduled distribution payments from the trustee after confirmation of debtor's Chapter 13 Plan for several months due to the amount paid to this creditor during the interim period prior to confirmation.

(4) **WORLD OMNI** holds a lien on debtors' 2009 Toyota Camry in the amount of **$16,200.00**. The fair market value of the collateral is **$10,175.00** which the trustee shall pay at the rate of **$192.01** (at 5%) per month over the life of the plan for a total of **$11,520.89** to pay this creditor in full satisfaction of this debt. Debtors intend to file a motion to value the collateral. If this creditor received adequate protection payments by Court order at any amount in excess of **$192.01** provided in this Plan, then the unsecured creditors and perhaps secured creditors may not receive scheduled distribution payments from the trustee after confirmation of debtor's Chapter 13 Plan for several months due to the amount paid to this creditor during the interim period prior to confirmation.

C.  Unsecured Claims.

(1) The trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided. The unsecured creditors in this case will receive $45,000.00 which the Trustee shall pay at the rate of **$0.00** for months 1 through 12 and **$937.50** per month for months 13 through 60.

(2) Debtors owe a student loan to the **U.S. DEPARTMENT OF EDUCATION** in the approximate amount of **$5,947.00**. Debtors are required to pay one hundred percent of their unsecured debt over the life of this bankruptcy case. It is not feasible for the debtors to pay this debt over the life of this bankruptcy plan. This debt is a non-dischargeable debt that will survive the bankruptcy discharge and the debtors will continue paying their regular monthly payments to this creditor outside of this bankruptcy plan.

(3) Debtors owe a student loan to the **U.S. DEPARTMENT OF EDUCATION** in the approximate amount of **$4,130.00**. Debtors are required to pay one hundred percent of their unsecured debt over the life of this bankruptcy case. It is not feasible for the debtors to pay this debt over the life of this bankruptcy plan. This debt is a non-dischargeable debt that will survive the bankruptcy discharge and the debtors will continue paying their regular monthly payments to this creditor outside of this bankruptcy plan.

3. Any creditor's claim (other than governmental units) filed after the claims bar date will receive no distribution under this plan unless specifically provided for above or unless debtor files the same on behalf of a creditor. Governmental units shall have one hundred and eighty days from 6/25/2012 within which to file a claim with the court.

4. All creditors shall retain their liens to the extent permitted by 11 U.S.C. Section 506(d).

5. To satisfy the requirements of Section 365 of the Bankruptcy Code, debtors hereby expressly assume all of their leases and executory contracts in which they are parties and no lease nor executory contract entered into by debtors is being rejected.

6. Title to debtors' property shall revest in the debtors upon confirmation of this Plan.

7. *Except as provided for in the plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorney's fees will be paid to or accessible by any secured creditor. 11 U.S.C. Section 1327(a) provides:*

*"The provisions of a confirmed plan bind the debtors and each creditor, whether or not the claim of such creditor provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."*

*Once debtors successfully complete the Chapter 13 plan and a discharge is entered by the Court, NO SECURED CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEY'S FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE.*

DATED this 6th day of July, 2012.

PINKSTON & PINKSTON, P.A.

David J. Pinkston
Florida Bar Number 0985619
Post Office Box 4608
Jacksonville, Florida 32201
904/389-5880; Fax 904/389-9957
Attorney for Debtors